[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 20, 1993 Date of Application April 20, 1993 Date Application Filed April 20, 1993 Date of Decision September 27, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury.
Docket No. CR 92-82698; CT Page 10384
Vicki H. Hutchinson, Esq., Defense Counsel, for Petitioner.
Devin Stilson, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
By the Division:
The petitioner entered a plea of nolo contendere to a charge of robbery, 1st degree (§ 53a-134(a)(2). The "plea agreement" was a cap of ten years, suspended after seven years, with probation for four years with the petitioner reserving the right to argue for less. The Court imposed sentence in accordance with the understood cap.
The factual basis for the plea was a gun-point robbery at a 7-11
store in Danbury on August 14, 1992 at approximately two a.m. There were four participants in the robbery, one of whom remained in the car while the petitioner and the others entered the store. The petitioner brandished a handgun while his companions took money from the cash register.
The getaway car was stopped shortly thereafter and found in the vehicle with the four robbers was a loaded .44 caliber handgun.
The petitioner argues that the gun actually belonged to a co-defendant who received a sentence of ten years, suspended after five years. He feels it is unjust for him to receive two more years to serve than the co-defendant.
The sentencing court did not agree and the Division does not believe it is disproportionate to impose a longer sentence on the person actually wielding the handgun.
In this case the co-accused, who was sixteen years old at the time did provide the weapon which he had obtained from the attic of his home. But it was the petitioner (the petitioner was twenty two years old) who put the gun in his trousers, who pulled it out and CT Page 10385 pointed it directly at the victim, ordering him to open the cash register. It was the petitioner who actually terrorized the victim, who later said "Unless you have personally had a gun pointed at you being held by a very agitated and nervous person, you cannot begin to understand my feelings."
Reviewing this sentence pursuant to the provisions of Practice Book § 942, the Division concludes it was well within the court's discretion and reasonable. It is affirmed.
Purtill, Klaczak and Stanley, J.s participated in this decision.